UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KVN Corp., No. 13-10477

                    Debtor(s).
_____/

Memorandum on Motion for Reconsideration
_____

     In this Chapter 7 case, bankruptcy trustee Linda Green is liquidating the inventory of a sporting goods store. She seeks an order of the court approving her deal with Wilshire State Bank, which has a security interest in firearms belonging to the estate. Even though the firearms are fully encumbered by the Bank's lien, the Bank is willing to let the bankruptcy estate have a portion of the proceeds if Green liquidates them along with the unencumbered inventory.

     The court initially denied Green's motion, finding that she had not met her burden to overcome the presumption of impropriety. Not understanding the law in this area, Green now seeks reconsideration. The court will accordingly explain the law to her.

     There is no requirement under the Bankruptcy Code or Federal Rules of Bankruptcy Procedure that Green obtain an order of the court approving her arrangement. Trustees seek an order of the court when doing anything unusual in order to obtain the absolute immunity from liability that a court order confers. A trustee enjoys no immunity for ultra vires acts unless acting with the explicit approval of the bankruptcy court. *Mosser v. Darrow,* 341 U.S. 267, 274, 71 S.Ct.680, 95 L.Ed 927 (1951); *In re*

1

*Mailman Steam Carpet Cleaning Corp.,* 196 F.3d 1, 8 (1st Cir. 1999).

Not only are side deals with secured creditors generally improper, but they are sometimes considered highly improper. *In re Covington,* 368 B.R. 38, 41 (Bkrtcy.E.D.Cal. 2006)("[W]hen an asset is fully encumbered by a lien, it is considered improper for a chapter 7 trustee to liquidate the asset."); *In re Preston Lumber Corp.,* 199 B.R. 415, 416 (Bkrtcy.N.D.Cal. 1996). Where an asset is fully secured, the proper function of a Chapter 7 trustee is to abandon it, not administer it. *In re Pauline,* 119 B.R. 727, 728 (9th Cir. BAP 1990).

The reason why side deals with secured creditors must be viewed with suspicion is that they undo the incentives built into the Bankruptcy Code. Congress envisioned that trustees would actively scrutinize the security documents of secured creditors for any defects which might make the collateral unencumbered because then trustee would then earn a commission on the liquidation. There is a real possibility of abuse if the trustee realizes that she can earn more by making a deal with the secured creditor than she can by challenging it. See. e.g., *In re Feinstein Family P'ship,* 247 B.R. 502 (Bankr.M.D.Fla.2000)["Clearly, the Code never contemplated that a Chapter 7 trustee should act as a liquidating agent for secured creditors who should liquidate their own collateral."]; *In re Tobin*, 202 B.R. 339 (Bkrtcy.D.R.I.1996).

The court recognizes that the way Green has presented her deal with the Bank there is some benefit to the unsecured creditors. Nonetheless, before the court will give its imprimatur to the scheme it has every right and obligation to expect the trustee to convince the court that the benefits far outweigh the impropriety. By failing to even recognize that her arrangement is subject to question, Green has completely failed to give the court the evidence it needs to approve it.

The absolutely worst argument Green makes is that because she is a bankruptcy trustee she is entitled to a presumption that whatever arrangement she has made was done in good faith. The proper rule is exactly the opposite. When a trustee seeks approval for an ultra vires act, the court starts with the presumption that the arrangement is improper and it is up to the trustee to prove her good faith. Since Green has failed to rebut this presumption, the court will not approve her deal with Wilshire

State Bank.

      For the foregoing reasons, Green's motion for reconsideration will be denied. The court will enter a separate order.

Dated: June 16, 2013

                                                Alan Jaroslovsky
                                                Chief Bankruptcy Judge